IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOHNSON, | : | |
|     Petitioner | : | No. 1:08-cr-018 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Anthony Johnson's Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 136.) For the reasons that follow, the Court will grant Petitioner's motion.

**I.     BACKGROUND**

On December 23, 2008, Petitioner pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. No. 67.)[1] Petitioner was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA"), which dictated a mandatory minimum term of incarceration of 15 years because he had previously been convicted of three serious drug offenses or violent felonies. 18 U.S.C. § 924(e). The United States Probation Office prepared a Presentence Report ("PSR"), which calculated Petitioner's sentencing guideline range to be 188 to 235 months based on an offense level of 31, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), with a three level reduction for acceptance of responsibility, and a criminal

---

[1] On January 16, 2008, Petitioner was indicted by a grand jury with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. No. 1.) On May 28, 2008, a superseding indictment was returned against Petitioner, adding a charge of possession with intent to distribute, and distribution, of marijuana and cocaine, in violation of 21 U.S.C. §841(a). (Doc. No. 33.) On December 23, 2008, Petitioner plead guilty to Count I of the superseding indictment. (Doc. No. 67.)

1

history category of VI, pursuant to U.S.S.G. § 4B1.4(c)(2). (PSR ¶¶ 23, 33 and 61.) At sentencing, the Court determined that Petitioner did not possess a firearm in connection with a crime of violence and therefore, U.S.S.G. § 4B1.4(b)(3)(A) was not applicable. (Doc. No. 136 at 2.) Accordingly, his offense level was reduced to 30 and his sentencing guideline term was 180 months' imprisonment, the mandatory minimum term. (Id.) The Court sentenced Petitioner to 180 months' imprisonment on April 8, 2009. (Doc. No. 78.) The United States Court of Appeals for the Third Circuit affirmed on appeal. United States v. Johnson, 592 F.3d 443 (3d Cir. 2010). Petitioner remains in federal custody.

On June 24, 2016, Petitioner filed the instant Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 136.) The basis for Petitioner's motion is his argument that pursuant to the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[2] his prior convictions for aggravated assault and robbery in Pennsylvania do not qualify as violent felonies, and therefore, he no longer has three predicate convictions qualifying him for sentencing pursuant to the ACCA, resulting in a sentence that violates his right to due process.[3] (Doc. No. 136 at 3.) On September 27, 2016, the Court issued an Order directing the United States to respond to Petitioner's motion. (Doc. No. 142.) The United States filed its Brief in Opposition to Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 on October 17,

---

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

[3] Because Petitioner had previously sought relief pursuant to 28 U.S.C. § 2255, Petitioner submitted an application pursuant to 28 U.S.C. §§ 2244 and 2255 to the Third Circuit Court of Appeals for permission to file a second or successive motion under § 2255 to raise the Johnson claim. (Doc. No. 136 at 3 n.3.) On August 11, 2016, the Third Circuit issued an order granting Petitioner permission to file the instant motion. (Doc. No. 140.)

2

2016. (Doc. No. 144.) Petitioner submitted his reply brief on October 31, 2016. (Doc. No. 145.) Petitioner subsequently submitted Notices of Supplemental Authority pertaining to his motion on May 4, 2017 (Doc. No. 146), and October 5, 2017 (Doc. Nos. 147, 148). Petitioner's Motion to Correct Sentence is ripe for disposition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a prisoner is entitled to relief under Section 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

As noted above, the basis for Petitioner's motion is his argument that pursuant to the Supreme Court's decision in Johnson, his prior convictions for aggravated assault and robbery in Pennsylvania no longer qualify as violent felonies, and therefore, he lacks the requisite number of predicate offenses for sentencing under the ACCA; accordingly, his April 8, 2009 sentence violates due process.[4] (Doc. No. 136 at 3.) A previous adult conviction qualifies as a "violent

---

[4] A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(f). The one-year limitations period runs from the latest of (1) the date judgment became final; (2) the date on which the government created impediment to filing the motion was removed; (3) the date the Supreme Court initially recognized the right asserted and made it retroactive to cases on collateral review; or (4) the date the petitioner, through the exercise of due diligence, would have discovered the facts supporting the claim. 28 U.S.C. § 2255(f)(1)-(4). The Supreme Court decided Johnson on June 26, 2015, and on April 18, 2016,

3

felony" under the ACCA when it is punishable by imprisonment for more than one year and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [force clause]; (ii) is burglary, arson, or extortion, involves use of explosives [enumerated offenses]" or "otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]." 18 U.S.C. § 924(e)(2)(B). The Supreme Court in Johnson found the "residual clause" unconstitutionally vague; accordingly, that clause no longer serves as a legal basis for a finding that Petitioner has been convicted of a violent felony. 135 S.Ct. at 2557. Rather, pursuant to Johnson, to qualify as violent felonies under the ACCA, Petitioner's prior convictions must either fall within the "force" clause, or constitute an "enumerated" offense. Before addressing the merits of Petitioner's argument, the Court first turns to the Government's argument that Petitioner has procedurally defaulted his ACCA claim.

A. **Procedural Default**

The Government argues that Petitioner has procedurally defaulted his claim under the ACCA because the issues raised in this motion were previously available to him, yet he failed to pursue a challenge to his ACCA status. (Doc. No. 144 at 29-30.) Further, the Government maintains that Petitioner cannot demonstrate "cause" and "prejudice" excusing his procedural default. (Id. at 30.) A defendant who fails to raise a claim on direct review "procedurally defaults" that claim for purposes of collateral review. United States v. Bousley, 523 U.S. 614, 622 (1998). Procedural default can be overcome by demonstrating cause for the default and resulting prejudice to the Petitioner. United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015).

---

recognized that Johnson announced a new substantive rule with retroactive effect to cases on collateral review. As Petitioner filed his motion on June 24, 2016, his motion is timely.

Petitioner argues that the cause prong is satisfied here "because a unanimous body of Supreme Court and Circuit precedent foreclosed [Petitioner's] challenge to his armed career criminal classification under the residual clause," and that the prejudice prong is satisfied because Petitioner was sentenced to more than the statutory maximum term for a violation of 18 U.S.C. § 922(g) in the absence of the application of the ACCA. (Doc. No. 145 at 15.)

The Court agrees with Petitioner. Under the circumstances present here, Petitioner has demonstrated cause and prejudice sufficient to overcome his procedural default of his ACCA claims. See United States v. Mitchell, 218 F. Supp. 3d 360, 367-68 (M.D. Pa. 2016) (finding cause and prejudice to excuse a procedural default for an ACCA petitioner who raised a Johnson claim); United States v. Harris, 205 F. Supp. 3d 651, 658 (M.D. Pa. 2016) (finding that ACCA petitioner had cause for his procedural default of his Johnson claim where a vagueness challenge was not reasonably available to him at the time of his sentencing in 2006); see also United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015) (holding that cause existed excusing procedural default of challenge based on Begay v. United States, 533 U.S. 137 (2008) to career offender sentence because "legal basis for claim was not reasonably available to counsel" before Begay). Accordingly, the Court will address the merits of Petitioner's motion.

### B. The Merits

Petitioner argues that his prior convictions for aggravated assault and robbery in Pennsylvania do not qualify as predicate offenses under the ACCA after Johnson, as they do not satisfy the force clause and are not enumerated offenses; accordingly, he maintains that in the absence of convictions for aggravated assault and robbery as predicate offenses, he no longer

5

qualifies for sentencing under the enhanced penalties of the ACCA, entitling him to relief under 28 U.S.C. § 2255.[5] (Doc. No. 136 at 5-15.) The Court addresses each conviction in turn.

### 1. Pennsylvania Aggravated Assault

Petitioner was charged with aggravated assault in Philadelphia in 1987, pled guilty to the offense, and was sentenced the following year. (Id.) Petitioner argues that at his sentencing, this Court apparently determined that Petitioner's aggravated assault conviction was a "violent felony," although the record does not demonstrate under which clause of Section 924(e)(1)(B) the Court did so. (Id.) Petitioner argues that in the absence of the residual clause after Johnson, his conviction under Pennsylvania's aggravated assault statute does not qualify as a violent felony under either the enumerated clause (as it is not one of those listed), or the force clause. (Id.)

At the time of Petitioner's aggravated assault conviction, Pennsylvania's aggravated assault statute contained six subsections, permitting the Government to prove the crime in one of six ways. The statute provided:

> A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated

---

[5] Petitioner states that his prior serious drug offenses "are not at issue here." (Doc. No. 136 at 7 n.3.) The PSR references four prior convictions in support of its conclusion that Petitioner should be sentenced as an armed career criminal. See PSR ¶ 33 (referencing paragraph 29 pertaining to aggravated assault, paragraph 30 pertaining to a robbery conviction, paragraph 31 pertaining to conviction for possession with intent to deliver cocaine, and paragraph 32, pertaining to a conviction for delivery of cocaine (three counts)).

in subsection (c) or to any employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including [various school employees] . . . ; or

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa. C.S. § 2702(a) (effective to January 5, 2003).[6]

Both parties agree that Pennsylvania's aggravated assault statute is a divisible statute[7] subject to an analysis under the modified categorical approach to determine under which version Petitioner was convicted, assuming that at least one divisible set of elements is a violent felony in all instances.[8]  (Doc. No. 136 at 8-9; Doc. No. 144 at 15.)  The modified categorical approach

---

[6]The statute has been subject to multiple amendments and currently there are nine subsections.  18 Pa. C.S. § 2702(a) (effective January 1, 2014).

[7]In his Notice of Supplemental Authority filed October 5, 2017, Petitioner refers the Court to a decision in an Eastern District of Pennsylvania case, United States v. Ramos, No. 08-cr-695-1 (E.D. Pa. Sept. 13, 2017) (Baylson, J.), appeal docketed, No. 17-2720 (3d Cir. July 14, 2017), where the court found, as to the divisibility of Pennsylvania's aggravated assault statute, that the statute is divisible by degree of felony, not by subsection. (Doc. No. 74 at 1-2.)  Because Ramos is not governing authority, and because its facts, involving second degree aggravated assault, are distinguishable from the facts of this case, the court's holding in Ramos does not control the Court's decision here.

[8] See United States v. Brown, 765 F.3d 185, 190-91 (3d Cir. 2014) (stating that the modified categorical approach is appropriate "only when at least one, but not all of the separate versions of the offense is, by its elements, a predicate offense") (citing Descamps v. United States, 133 S. Ct. 2276, 2285 (2013)).

7

is used to assist the Court in determining "from among several alternatives, the crime of conviction so that the court can compare it to the" ACCA offense. Descamps, 133 S. Ct. at 2285. The Government has produced a docket for Petitioner's case but no Shepard documents,[9] and has acknowledged that the record does not make clear which subsection of Pennsylvania's aggravated assault statute formed the basis of Petitioner's conviction. (Doc. No. 144 at 15, Doc. No. 145 at 7.)

Petitioner maintains that it is the Government's burden to produce Shepard documents and that when the record is not clear due to the Government's failure to produce Shepard documents, the Court must assume that the conviction rested upon the least of the acts in the statute. (Doc. No. 145 at 8.) In support, Petitioner cites Johnson v. United States, 559 U.S. 133, 137 (2010) and Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013). Pursuant to those cases, Petitioner argues that the least of the acts criminalized in the aggravated assault statute – attempting to cause serious bodily injury "intentionally, knowingly or recklessly" – is not a violent felony, citing Harris. (Doc. No. 145 at 8.) The Government essentially argues that every subsection of the aggravated assault statute qualifies as a violent felony. (Doc. No. 144 at 15-24.)

---

[9] When a court's analysis involves a divisible statute, the court may look at documents "beyond the face of the statute [consisting of] the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." United States v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

Upon review of the relevant authorities, and assuming that Pennsylvania aggravated assault statute is one where at least one divisible set of elements constitutes a violent felony,[10] the Court is persuaded by Petitioner's arguments that: (1) it is the Government's burden to produce Shepard documents, as it is the Government's burden to establish a defendant's ACCA status at sentencing, see Harris, 205 F. Supp. 3d at 662 n.10; and (2) in the absence of Shepard documents revealing under which subsection of Pennsylvania's aggravated assault statute Petitioner was convicted, the Court must assume the conviction rested upon the least of the acts in the statute, see Johnson, 559 U.S. at 137.

As to whether a conviction under Section 2702(a)(1) – attempting to cause serious bodily injury "intentionally, knowingly, or recklessly" – can constitute a violent felony for purposes of the ACCA, there is precedent on both sides of the issue from district courts in this Circuit. The majority of courts to have considered the issue have held that aggravated assault under Section 2702(a)(1) is not a violent felony under the ACCA because it criminalizes reckless conduct and can be committed by an act of omission. See Harris, 205 F. Supp. 3d at 671-72; United States v. Fisher, No. 01-cr-769, 2017 WL 1426049, at *7 (E.D. Pa. Apr. 21, 2017); United States v. Weygandt, No. 09-cr-24, 2017 WL 818844, at *2 (W.D. Pa. Mar. 2, 2017), appeal docketed, No. 17-2501 (3d Cir. July 11, 2017). But see Peppers, 2016 WL 7104291, at *2 (holding that Section 2702(a)(1) conviction fits under the force clause and qualifies as a predicate offense under the ACCA); United States v. Mayo, No. 00-cr-336, 2016 WL 6962590, at *2 (M.D. Pa.

---

[10] See Brown, 765 F.3d at 190-91. In United States v. El Amin, No.1:05-cr-67, 2017 WL 4233090, at *5 (M.D. Pa. Sept. 25, 2017), this Court found, in accordance with a number of other courts in this Circuit, that a conviction pursuant to subsection (4) of 18 Pa. C.S. § 2704(a) is a violent felony and a predicate offense under the ACCA.

9

Nov. 29, 2016) (finding that aggravated assault conviction under Section 2702(a)(1) fits under ACCA force clause). Upon review of the relevant authorities, this Court is persuaded by the court's reasoning in Harris, and joins the courts that have concluded that subsection 2702(a)(1) of Pennsylvania's aggravated assault statute is categorically not a violent felony because it criminalizes reckless conduct and can be committed by an act of omission. Accordingly, after Johnson, Petitioner's aggravated assault conviction is not a predicate offense for purposes of the ACCA sentencing enhancement.

### 2. Pennsylvania Robbery

Petitioner was charged and pled guilty to robbery in Philadelphia in 1989. (PSR ¶ 30.) The relevant statute at that time provided:

(1) A person is guilty of robbery if, in the course of committing a theft, he

    (i)    inflicts serious bodily injury upon another;

    (ii)    threatens another with or intentionally puts him in fear of immediate serious bodily injury;

    (iii)    commits or threatens immediately to commit any felony of the first or second degree;

    (iv)    inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

    (v)    physically takes or removes property from the person of another by force however slight.

18 Pa. C.S. § 3701(a)(1)(effective June 6, 1973 to May 16, 2010).[11] The grading subsection provided that "[r]obbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree." 18 Pa. C.S. § 3701(b).

At the time of Petitioner's sentencing, Pennsylvania robbery was considered a violent felony, as Third Circuit precedent provided that "any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against the person of another." United States v. Cornish, 103 F.3 302, 309 (3d Cir. 1997) (finding that subsection (a)(1)(v) regarding robbery by force however slight constituted a violent felony). After Petitioner's sentencing and the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 140 (2010), where it defined "physical force" to mean "violent force - that is, force capable of causing physical pain or injury to another person," the Third Circuit recognized in an unpublished opinion that every subsection of Pennsylvania's robbery statute did not necessarily satisfy the force clause. See United States v. Hollins, 514 F. App'x 264, 267 (3d Cir. 2013) (finding that robbery by force however slight pursuant to subsection (a)(1)(v) does not qualify as a crime of violence under the force clause but qualifies under the residual clause). As Petitioner notes, Pennsylvania law has interpreted "force however slight" to include taking something from another person's control, even without touching. See In re C.S., 63 A.3d 351, 356-57 (Pa. Super.

---

[11] This particular portion of the statute remains the same, although a subsection has been added regarding removing money from a financial institution and the grading has been amended to include robbery of a controlled substance or designed drug. 18 Pa. C.S. § 3701 (effective February 21, 2014).

2013) (rejecting a defense argument that evidence that defendant snatched a lighter and a bag of chips from a store counter was insufficient to prove the force element of subsection (a)(1)(v)).

The parties agree that Pennsylvania's robbery statute is divisible, meaning, as discussed above, that the statute sets forth alternative elements, which permits application of the modified categorical approach to determine which set of elements formed the basis of the conviction.[12] Petitioner argues that as the Government has presented no Shepard documents identifying the particular subsection of the robbery statute forming the basis of Petitioner's robbery conviction, his conviction can only qualify as a predicate offense for ACCA purposes if the least of the acts criminalized in the statute satisfy the force clause. (Doc. No. 136 at 13.)

As discussed above in reference to Pennsylvania's aggravated assault statute, upon review of the relevant authorities, and assuming that Pennsylvania robbery is a statute where at least one divisible set of elements constitutes a violent felony,[13] the Court is persuaded by Petitioner's argument that in the absence of Shepard documents revealing under which

---

[12] In their briefs, the parties agree that Pennsylvania's robbery statute is divisible. However, in connection with his Notice of Supplemental Authority filed May 4, 2017, Petitioner refers the Court to United States v. Singleton, No. 10-578-1, 2017 WL 1508955 (E.D. Pa. Apr. 26, 2017), a case where another court in this Circuit found Pennsylvania's first degree robbery statute (18 Pa.C.S. § 3701(a)(1)(i)-(iii)) to be indivisible. In that case, it was clear that first degree robbery (Section 3701(a)(1)(i)-(iii)), was at issue (as opposed to Section 3701(a)(1)(iv), which is a felony of the second degree, or Section 3701(a)(1)(v), which is a felony of the third degree), although it was unclear pursuant to the available Shepard documents which provision of the first degree robbery statute the defendant was convicted of violating. However, because Singleton is not governing authority, and because its facts (which clearly involved Pennsylvania's first degree robbery statute), are distinguishable from the fact of this case, the court's holding in Singleton does not control the Court's decision here.

[13] See Brown, 765 F.3d at 190-91; Harris, 205 F. Supp.3d at 673 (finding that a conviction under subsections (a)(1)(i), (a)(1)(ii), and (a)(1)(iv) qualify as violent felonies under the ACCA).

subsection of Pennsylvania's robbery statute Petitioner was convicted, the Court must assume the conviction rested upon the least of the acts in the statute. See Johnson, 559 U.S. at 137.

As to whether a conviction under Section 3701(a)(1)(v) – taking or removing property from the person of another "by force however slight" – can constitute a violent felony for purposes of the ACCA, it is clear that robbery by force however slight is not a violent felony under the force clause. See United States v. Hollins, 514 F. App'x 264, 267 (3d Cir. 2013) (nonprecedential) (3701(a)(1)(v) is not a crime of violence under the force clause of the sentencing guidelines); Harris, 205 F. Supp. 3d at 673 (finding that a conviction under Section 3701(a)(1)(v) does not qualify as a violent felony for purposes of the ACCA). Accordingly, after Johnson, Petitioner's robbery conviction is not a predicate offense for purposes of the ACCA sentencing enhancement.

### 3. Petitioner's Controlled Substance Offenses

The Government argues in its brief that even if the Court finds that Petitioner's Pennsylvania aggravated assault and robbery convictions no longer qualify as violent felonies and predicate ACCA offenses in the absence of the residual clause after Johnson, Petitioner's Section 2255 claim still fails, as it argues that he still possesses four ACCA-qualifying drug trafficking convictions. (Doc. No. 144 at 7-9.) As noted in footnote 5 above, Petitioner's PSR referenced two drug offenses in support of its conclusion that Petitioner should be sentenced pursuant to the ACCA; specifically, the PSR referenced a drug conviction for possession with intent to deliver cocaine, and a conviction for delivery of cocaine (three counts). See PSR ¶ 33. The Government argues that Petitioner's conviction for delivery of cocaine constitutes three predicate offenses, not one, despite the fact that they were brought in one charging document,

because they were "committed on occasions different from one another," citing 18 U.S.C. § 924(e)(1) and United States v. Schoolcraft, 879 F.2d 64, 73 (3d Cir. 1989). (Doc. No. 144 at 7-9.) The Government maintains that drug transactions occurring on separate dates are separate episodes, such that each transaction can qualify as an ACCA predicate conviction, and further argues that based on the PSR, which contains a sentence stating that Petitioner made three separate sales of cocaine on August 30, 1993, August 31, 1993, and October 4, 1993, see PSR ¶ 32, his conviction for delivery of cocaine should be considered as three predicate offenses for purposes of the ACCA. (Doc. No. 144 at 9.)

In response, Petitioner objects to consideration of the delivery of cocaine charge as constituting three separate ACCA-qualifying predicate offenses, because he argues that the Government provided no proof that the delivery of cocaine charge involved three offenses "committed on occasions different from one another," as required by 18 U.S.C. § 924(e)(1) and Schoolcraft, relying solely on a statement in the PSR. (Doc. No. 145 at 2-3.) Petitioner argues that to prove that offenses were committed on different occasions in accordance with Schoolcraft, 879 F.2d at 73, the Government must come forward with some proof beyond a statement in a Presentence Report, citing United States v. Barbour, 750 F.3d 535, 545-46 (6th Cir. 2014), where the court analyzed the conclusions of other courts and determined that the Government bears the burden to prove that potential ACCA predicate offenses were distinct offenses. (Doc. Nos. 145 at 5.) Petitioner also references the Third Circuit's decision in United States v. Blair, 734 F.3d 218, 228 (3d Cir. 2013), where the court found that the charging documents provided information sufficient for the sentencing court to determine that the defendant committed three offenses on three separate occasions, and noted that "the date of an

14

offense is integral to the fact of a prior conviction, and, is customarily reflected in the kinds of documents that court may, under Shepard and Taylor, use to determine whether a prior conviction exists." Id.

As noted above, it is the Government's burden to establish a defendant's ACCA status at sentencing. See Harris, 205 F. Supp. 3d at 662 n. 10. Upon consideration of the relevant authorities, the Court is persuaded by Petitioner's argument regarding his delivery of cocaine conviction. In the absence of any evidence substantiating the fact that the conviction encompassed three offenses that were "distinct in time," as required by Schoolcraft, this Court is not prepared to find that Petitioner's delivery of cocaine conviction qualifies as three, instead of one, ACCA-qualifying offenses.

Accordingly, as the Court has found that Petitioner's prior convictions for Pennsylvania aggravated assault and robbery no longer qualify as violent felonies sufficient to serve as predicate offenses for sentencing pursuant to the ACCA, on the record before the Court, Petitioner has only two ACCA-qualifying offenses, and is therefore entitled to relief under 28 U.S.C. § 2255.

## IV. CONCLUSION

Based upon the foregoing, the Court will grant Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. An appropriate Order follows.

       s/ Yvette Kane
       Yvette Kane, District Judge
       United States District Court
       Middle District of Pennsylvania